RELIANCE INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41047, 42022, 42198.  Promulgated April 23, 1931.

*Robert Lee Boyd* for the petitioner.
*O. J. Tall, Esq.,* for the respondent.

OPINION.

STERNHAGEN: 1. The petitioner in 1925, 1926 and 1927, sold property which it had in 1914 acquired in exchange for all its stock. The respondent computed the gain from these sales upon the basis of the cost to petitioner·in 1914. The cost was taken to be the value of petitioner's stock when issued for the property, and such value was taken as the equivalent of the stipulated value of the property

received. This is the long accepted way of determining such cost. *William Ziegler, Jr.*, 1 B. T. A. 186; *Mead Realty Co.*, 21 B. T. A. 1062. The petitioner assails the use of such cost as the basis, and claims instead that the basis is the higher cost paid by its predecessor owner before March 1, 1913.

The case is controlled by Title II of the Revenue Act of 1926, which, by section 286, is made effective January 1, 1925. Section 204 (a) provides that " The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that * * *." There are eleven enumerated exceptions, but, as we shall see, there is none applicable to the present situation.

Petitioner, however, relies on section 203 (b) (3), from which it argues that the transaction in 1914 was a reorganization, the gain or loss of which was not recognized, and that therefore the basis is carried back to that of the preceding owner. But section 203 deals with current transactions within the scope of its effect, and classifies them with reference to the recognition of gain or loss. As to such transactions, the entire gain or loss is recognized unless specifically dealt with by express exception. There is no exception in respect of property sold for cash; therefore the gain or loss is recognized, and the only question is as to the basis. The basis is provided in section 204, and the only possible excepting paragraph of that section which is within the field of consideration is paragraph (6). But that paragraph expressly says that it " shall not apply to property acquired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it." So even if we could find that the situation was " described in subdivision (b), (d), (e) or (f) of section 203," it would be, by express exception, excluded from the operation of section 204 (a) (6), and therefore would take the general basis of cost to this petitioner.

But because we have considered petitioner's argument on its own terms, it is not to be assumed that we have adopted its postulates. For it may at least be doubted, as in *Union Trust Co. of New Jersey*, 12 B. T. A. 688, whether the descriptions and definitions of section 203 are, in the absence of express statement, applicable to transactions occurring in 1914 and 1915, involving tax consideration under the Act of 1913, different from those subsequently in force. *Marr* v. *United States*, 268 U. S. 536.

2. What we have said is of equal effect in respect of the shares of stock received in 1915 in exchange for some of the bonds and sold in 1925. The basis is the value of the shares when acquired in 1915. The actual cost of $104.20 of the additional 10 shares is the basis as to them.

*Judgment will be entered under Rule 50.*